Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
### District of New Jersey

IN RE: **Carol A. Marshall**
**Mitzy C. Marshall**

Debtor(s)

Case No.: **17-15713**
Judge: **RG**
Chapter: **13**

## CHAPTER 13 PLAN AND MOTIONS-MODIFIED

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

☑ Discharge Sought
☐ No Discharge Sought

Date: **5/25/17**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

### Part 1: Payment and Length of Plan

a. The Debtor shall pay **920.00 Monthly** to the Chapter 13 Trustee, starting on **April 1, 2017** for approximately **60** months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
☑ Future Earnings
☐ Other sources of funding (describe source, amount and date when funds are available):

1

    c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property
  Description:
  Proposed date for completion: _____

- ☑ Loan modification with respect to mortgage encumbering property
  Description: **198 Prospect Terrace, Teaneck, NJ 07666**
  Proposed date for completion: **10/1/17**

    d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e.  ☑  Other information that may be important relating to the payment and length of plan:
**Debtors have previously paid to the Trustee the amount of $900.00 for the months of April and May 2017. In order to account for rent received in the amount of $1,200 since the petition date (See Part 9), Debtors will pay $960.00 on June 1, 2017, and $920.00 monthly for 57 months thereafter starting on July 1, 2017. Debtors will submit to the Trustee any future rent payments received from their tenants at 194 Prospect Terrace, Teaneck, NJ.**

## Part 2: Adequate Protection

    a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ **2,424.00** to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to **Bayview Loan Servicing, LLC as servicer for The Bank of New York Mellon Co.** (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **-NONE-** | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **The Bank of New York Mellon Co** | **198 Prospect Terrace Teaneck, NJ 07666 Bergen County** | **To Be Determined Through Loss Mitigation** | **To Be Determined Through Loss Mitigation** | **To Be Determined Through Loss Mitigation** | **To Be Determined Through Loss Mitigation** |

2

### b. Modification

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Wells Fargo Bank, N.A.** | **194 Prospect Terrace Teaneck, NJ 07666  Bergen County** | 300,000.00 | 6,607.18 |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

Creditor
-NONE-

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| -NONE- | | |

## Part 5:  Unsecured Claims

a. **Not separately classified** Allowed non-priority unsecured claims shall be paid:
   ____    Not less than $____ to be distributed *pro rata*

   ____    Not less than ___ percent

   __X__    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

3

## Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| -NONE- | | |

## Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| -NONE- | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| -NONE- | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
☑ Upon Confirmation
☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Trustee shall pay allowed claims in the following order:
1) Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-petition claims

The Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 : Modification

If this plan modifies a plan previously filed in this case, complete the information below.
Date of Plan being modified:**3/23/17**.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| **Plan is being modified in response to the objections of the Trustee and The Bank of New York Mellon Co.** | **Modified plan (i) includes rent received in April 2017 in the amount of $1,200 for one unit in 194 Prospect Terrace, Teaneck, NJ (tenants have otherwise ceased paying rent, property will be surrendered to secured party on confirmation and sold by sheriffs sale shortly thereafter, so no further rent expected); (ii) reclassifies student loan debt as general, non-priority unsecured; and (iii) states that payment of arrears owed to Bank of New York Mellon Co. will be determined through loss mitigation** |

Are Schedules I and J being filed simultaneously with this modified Plan?    ☐ Yes    ☑ No

## Part 10: Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date    **May 25, 2017**        /s/ Moshie Solomon
**Moshie Solomon**
Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:    **May 25, 2017**        /s/ Carol A. Marshall
**Carol A. Marshall**
Debtor

Date:    **May 25, 2017**        /s/ Mitzy C. Marshall
**Mitzy C. Marshall**
Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy